UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EDWINA TOLBERT, | Case No. 17-10273 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| UNITED STATES OF AMERICA, ET AL., | U.S. MAGISTRATE JUDGE STEPHANIE DAWKINS DAVIS |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART RALPH RIGGS' MOTION FOR SUMMARY JUDGMENT [8]; GRANTING THE UNITED STATES' MOTION TO DISMISS [9]; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [17]**

Plaintiff Edwina Tolbert, a military veteran who was medically discharged from service, treated at the Detroit Veterans' Administration Medical Center ("VA") for posttraumatic stress disorder ("PTSD") and alcohol dependence from February 2013 through December 2014. It was there that she met her substance abuse counselor, Defendant Ralph Riggs, with whom she eventually became romantically involved. Tolbert alleges that throughout their relationship, Riggs encouraged her alcohol consumption. This and other behaviors, none of which are explained in detail, rendered Riggs' counseling harmful and ineffective, and caused Tolbert to endure significant mental and emotional distress. She brings this action against Riggs and the United States for negligence, vicarious liability, and

professional malpractice under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2401 *et seq*.

Tolbert provides little detail about the factual background of the case, and much of her complaint fails to allege "more than a sheer possibility that [Defendants] acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For these reasons, and those explained in depth below, the Court will **GRANT IN PART** and **DENY IN PART** Ralph Riggs' Motion for Summary Judgment [8], **GRANT** the United States' Motion to Dismiss [9], and **DENY** Plaintiff's Motion for Leave to File Amended Complaint [17].

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Edwina Tolbert is a military veteran. She was medically discharged from service in 2003 due to suffering PTSD as a result of a sexual assault. Tolbert's psychological health deteriorated over the years and she developed an alcohol dependency.

Tolbert sought treatment at the Detroit VA in February 2013. She was assigned to work with Defendant Ralph Riggs, a substance abuse counselor at the VA. Riggs learned of Tolbert's health issues by reviewing her intake history and meeting with Tolbert in individual and group therapy sessions.

At some point during the course of the therapy, Tolbert and Riggs began a romantic sexual relationship. According to Tolbert, Riggs knew that she was in a

vulnerable place, and he manipulated and abused her. In addition, notwithstanding the fact that Plaintiff was in recovery for her alcohol dependency, Riggs encouraged her to drink alcohol.

As a result of Riggs' actions, Plaintiff's conditions demonstrably worsened, and she continued to endure significant mental and emotional distress that exacerbated her PTSD and alcohol dependence.

Plaintiff filed this action on January 27, 2017. Defendant Riggs filed a Motion for Summary Judgment[1] [8] on March 31, 2017. The U.S. filed a Motion to Dismiss [9] on April 7, 2017.

On October 11, 2017, with just over a week before the hearing on Defendants' motions, Tolbert filed a Motion for Leave to File an Amended Complaint [17]. The United States responded on October 18, 2017 [18].[2] Tolbert filed a Supplemental Brief [20] on November 2, 2017.

## I. THE UNITED STATES' MOTION

### LEGAL STANDARD

The United States moves to dismiss Tolbert's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The United States launches

---

[1] As will be discussed more in depth later, Defendant Riggs actually seeks dismissal pursuant to Fed R. Civ. P. 12(b)(6).

[2] Riggs filed a Notice of Joinder/Concurrence in the United States' Response [19] on October 19, 2017.

a factual attack on jurisdiction, which means that it challenges "the factual existence of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014). Accordingly, Tolbert's factual allegations do not get the benefit of the presumption of truthfulness, and the Court may "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

## ANALYSIS

### A. Vicarious Liability

The United States argues that Tolbert's claims are barred by sovereign immunity because she does not allege facts indicating that Riggs acted within the scope of his employment when he engaged in the allegedly tortious conduct.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity precludes district courts' jurisdiction over most causes of action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). However, the United States has waived its sovereign immunity, "and 'rendered' itself liable," for certain categories of torts, including those that are:

> [1] against the United States, [2] for money damages . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)).

Federal district courts have jurisdiction over claims that are "actionable under § 1346(b). And a claim is actionable under § 1346(b) if it alleges the six elements outlined above." *Id.*

"[T]he determination of whether an employee of the United States acted within her scope of employment is a matter of state law." *Flechsig v. United States*, 991 F.2d 300, 302 (6th Cir. 1993). In Michigan, an employee acts within the scope of employment when he is "engaged in the service of his master, or while about his master's business." *Hamed v. Wayne County*, 803 N.W.2d 237, 244-45 (Mich. 2011). If the employee "steps aside from his employment to . . . accomplish some purpose of his own," his conduct falls outside the purview of the statute. *Green v. Shell Oil Co.*, 181 Mich. App. 439, 444 (1989). The Court must determine "whether the employee 'could in some way have been held to have been promoting his master's business.'" *Motors Ins. Corp. v. United States*, No. 11-10875, 2011 WL 4506103, at *4 (E.D. Mich. Sept. 27, 2011) (quoting *Bryant v. Brannen*, 446 N.W.2d 847, 853 (1989)).

Under Michigan's version of respondeat superior, even if an employee's "act [is] contrary to an employer's instructions, liability will nonetheless attach if the employee accomplished the act in furtherance, or the interest, of the employer's business." *Hamed*, 803 N.W.2d at 244-45. However, "[i]ndependent action,

intended solely to further the employee's individual interests, cannot be fairly characterized as falling within the scope of employment." *Id.*

Tolbert has not sufficiently alleged that the United States is vicariously liable for Riggs' actions. It's clear that Riggs acted of his own accord. The romantic relationship and Riggs' encouragement of Tolbert's drinking "was beyond the scope of [Riggs'] employment" with the VA as a therapist. *Id.* at 244. There is no allegation that the romantic relationship occurred during Riggs' work hours or on VA property, but even if there were, Riggs' "independent action[s] [were] accomplished solely in furtherance of [his] own [ ] interests." *Id.* at 245.[3] The United States did not "benefit[ ] in any way from" Riggs' actions. *Id.* at 245. Tolbert provides no information about the conduct of VA supervisors or hiring officials, nor does she claim that other VA staff knew of Riggs' actions. Accordingly, "there is no fair basis on which one could conclude that [the United States itself] vicariously took part in the wrongful acts." *Id.* This is a situation in which Riggs stepped "aside from his employment to . . . accomplish some purpose of his own." *Martin v. Jones*, 302 Mich. 355, 358 (1942) (internal quotations omitted). Tolbert's vicarious liability/respondeat superior/ostensible agency/agency claim (Count II) will therefore be dismissed.

---

[3] During the hearing, Tolbert's counsel characterized the therapy as "all about the manipulation of [Tolbert] for [Riggs'] personal gain."

### B. Negligent Hiring/Training/Supervision

The federal government does not waive sovereign immunity for

> Any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The Court lacks subject matter jurisdiction if Tolbert's claim falls within this exception, commonly referred to as the discretionary-function exception. *See Feyers v. United States*, 749 F.2d 1222, 1225 (6th Cir. 1984). If the VA's hiring decisions "violated a mandatory regulation or policy that allowed no judgment or choice," the exception does not apply. *Rosebush v. United States*, 119 F.3d 438, 441 (6th Cir. 1997). If, however, "there was room for judgment or choice in the decision made, then the challenged conduct was discretionary." *Kohl v. United States*, 699 F.3d 935, 940 (6th Cir. 2012). In that case, the Court must evaluate "whether the conduct is 'of the kind that the discretionary function exception was designed to shield' from liability." *Rosebush*, 119 F.3d at 441 (quoting *United States v. Gaubert*, 499 U.S. 315, 325 (1991) (explaining that "the exception protects only governmental actions and decisions based on considerations of public policy.") (internal quotations omitted)).

Tolbert maintains that the United States breached its duty to her "by negligently hiring incompetent, inexperienced and/or unqualified operators,

administrators, employees, agents and staff, including Riggs." (Compl. at 6). However, the Sixth Circuit "has consistently held that agency supervisory and hiring decisions fall within the discretionary function exception." *Snyder v. United States*, 590 Fed. Appx. 505, 510 (6th Cir. 2014) (citing *O'Bryan v. Holy See*, 556 F.3d 361, 384 (6th Cir. 2009) ("[T]he selection of employees, officials and officers typically falls within the scope of the FTCA's discretionary function exception.")).

Because this particular claim implicates the VA's employment decisions as to hiring, firing, training, and supervising its staff, and because Tolbert "points to no specific regulations that would constrain the judgment exercised in making these decisions," this claim (Count I) will be dismissed.[4] *Id.* at 510.

**C. Medical malpractice**

The United States asserts that Tolbert's medical malpractice claim is defective and must be dismissed because it was not accompanied by the required affidavit of merit.

In Michigan, complaints for medical malpractice must be accompanied by an affidavit "signed by a health professional who the [plaintiff] reasonably believes meets the requirements for an expert witness under section 2169." MCL §

---

[4] Dismissal is also warranted because Tolbert did not exhaust her administrative remedies with respect to this claim. *See* 28 U.S.C. § 2675(a); *Sellers v. United States*, 870 F.2d 1098, 1101 (6th Cir. 1989). Tolbert's March 21, 2016 administrative claim only contains information about her allegations against Riggs. *See* Dkt. 1-2, Pg. ID 13-17. There are no facts showing that the United States was put on notice as to Tolbert's negligent hiring claims.

600.2912d. The Michigan Supreme Court has emphasized that "an affidavit accompanying the complaint is mandatory and imperative" and that

> for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit.

*Scarsella v. Pollak*, 461 Mich. 547, 549 (2000); *see also Huffman v. United States*, 82 F.3d 703, 705 (6th Cir. 1996). Merely filing a medical malpractice complaint does not toll the statute of limitations; the complaint *must* be accompanied by an affidavit of merit. *Scarsella*, 461 Mich. at 549 (emphasis added). This Court has previously recognized that this requirement applies in FTCA cases against the United States. *See Bade v. United States*, No. 11-10780, 2012 WL 1555072, at *8-9 (E.D. Mich. May 1, 2012).

FTCA complaints must be filed "within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Tolbert learned of the denial of her claim via certified mail on September 20, 2016. *See* Dkt. 1-3 at Pg. ID 19. The letter indicated that Tolbert could file suit in federal court within six months of the mailing of the notice. Although Tolbert had until March 20, 2017 to file a valid complaint and affidavit of merit, she did not do so until nearly two months later, on May 17, 2017.

Michigan case law makes clear that where the limitation period has expired and plaintiff has failed to comply with the affidavit requirement, "the claim is

time-barred" and the complaint should be dismissed with prejudice. *Holmes v. Mich. Cap. Med. Ctr.*, 242 Mich.App. 703, 706 (2000). This is a rigid requirement: a medical malpractice plaintiff "who neglects to file both an affidavit of merit and a complaint within the period of limitation, regardless of the reason, is barred from proceeding with the claim." *Young v. Sellers*, 254 Mich.App. 447, 451 (2002) (citing *Scarsella*, 461 Mich. at 550; *Holmes*, 242 Mich.App. at 708).

Because she did not comply with Michigan law in a timely manner, Tolbert's claims for medical malpractice should be dismissed.

## II. RIGGS' MOTION

### LEGAL STANDARD

Notwithstanding the incorrect title of his motion, Riggs seeks dismissal pursuant to Rule 12(b)(6).[5] On such a motion, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Iqbal*, 556 U.S. at 679; *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622,

---

[5] During the hearing, Riggs' counsel noted that this motion was brought pursuant to Rule 12(b)(6).

627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Attached to Riggs' motion is a document showing the results of a records search from the Michigan Department of Licensing and Regulatory Affairs. The document indicates that Riggs has not been issued any professional license in the State of Michigan. "[A]s a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). However, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). In addition, the Court may "consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336.

## ANALYSIS

### A. Seduction

Tolbert alleges that "[w]hile Defendant Riggs treated [her], he seduced her and engaged in a romantic relationship with her." (Compl. at 4). Riggs correctly points out that seduction as a cause of action has been abolished by the Michigan

legislature. *See* MCL 600.2901(3). However, in the Court's view, the crux of Tolbert's complaint is not seduction, but rather that Riggs negligently abused his power over her and caused her mental and emotional harm. Furthermore, the Michigan Supreme Court has recognized that the repeal of the cause of action of seduction "did not abolish all causes of action wherein the act of sexual intercourse was either an 'incident of' or 'contributed to' the ultimate harm or wrong." *Cotton v. Kambly*, 101 Mich.App. 537, 541 (1980). In this case, "the injury to [Tolbert] was not merely caused by the consummation of acts of sexual intercourse with [Riggs]. Harm was also caused by [Riggs'] failure to treat [Tolbert] with professionally acceptable procedures." *Id.*

### B. Negligence v. Medical Malpractice

Riggs submits that he did not owe any higher duty to Tolbert because he was not a member of a state-licensed health care profession. In response, Tolbert declares that by representing himself as a mental health professional, Riggs "had duties to [her] with respect to the professional relationship regardless of licensure stature." (Pl.'s Br. at 4).

In both her complaint and her proposed amended complaint, Tolbert conflates ordinary negligence and medical malpractice. In fact, these are two different causes of action. A claim for medical malpractice "necessarily 'raise[s] questions involving medical judgment,'" whereas "[c]laims of ordinary negligence

. . . 'raise issues that are within the common knowledge and experience of the [fact-finder].'" *Bryant v. Oakpointe Villa Nursing Centre*, 471 Mich. 411, 422 (2004) (citing *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26, 46 (1999)).

Tolbert's complaint and briefing are ambiguous.[6] To the extent that Tolbert alleges a medical malpractice claim against Riggs, that claim must be dismissed because, as discussed above, Tolbert did not comply with Michigan's affidavit of merit statute. Further, the period of limitations for an action charging malpractice is two years. MCL 600.5805(6). Because the alleged events occurred between February 2013 and December 2014, the latest Tolbert should have filed her complaint was December 2016.

The Court finds that Tolbert has sufficiently alleged an ordinary negligence claim against Riggs. "In the ordinary negligence case a question is presented whether an ordinary, careful and prudent person would have done as defendant did under the circumstances." *Lince v. Monson*, 363 Mich. 135, 139-40 (1961). The essence of Tolbert's complaint allows the Court to infer that Riggs breached his duty of reasonable care: even as an unlicensed counselor, Riggs was charged with providing therapy to Tolbert and assisting her with managing her PTSD and

---

[6] During the hearing, Tolbert's counsel was initially unable to identify the cause of action against Riggs. Counsel later stated that it was a "claim for negligence" because Riggs had "a common law duty in the treatment of [Tolbert] to use reasonable care, not to be careless."

alcohol dependency. It does not take an expert to find that romancing Tolbert and encouraging her to drink during the course of the therapeutic relationship was a breach of those responsibilities and caused harm to Tolbert.

It does not appear "beyond doubt that [Tolbert] can prove no set of facts in support of [her negligence] claim which would entitle [her] to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, because the Court lacks jurisdiction over the majority of Tolbert's FTCA claims, it will dismiss this claim without prejudice to allow Tolbert to refile in state court if she so chooses.[7] *See Aurslanian v. Herman*, 181 F.3d 99, at *1 (6th Cir. 1999) (unpublished).

### C. Intentional Torts

Count III against Riggs is titled "Intentional Torts." Tolbert claims that Riggs "engaged in systematic actions that were abusive and manipulative" and that he "intentionally [ ] caused Plaintiff harm." (Compl. at 8-9). There are no additional details or specific causes of actions provided.

This claim lacks the factual particularity to survive the motion to dismiss. Tolbert has neither identified Riggs' intentionally tortious conduct, nor has she explained how he abused and/or manipulated her. She provides no "factual 'meat'

---

[7] The Court asked Government's counsel whether the United States would intervene if this case were brought in state court against Riggs for negligence. Counsel stated that "the Attorney General and the agency have determined that the employee . . . was not within the scope of his employment. They did not certify scope and so if this had been filed in state court the Government would not have taken any action."

for her bare-bones claim." *Brady v. Chase Home Fin. LLC*, 2012 WL 1900606, at *10 (W.D. Mich. May 24, 2012).

### III. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Fed. R. Civ. P. 15(a) allows a party to amend the pleading after a responsive pleading has been served "only by leave of court . . . and leave shall be freely given when justice so requires." Although the decision to grant or deny an opportunity to amend is within the Court's discretion, the Court is not compelled to grant leave where amendment would be futile. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* (citing *Neighborhood Dev. Corp. v. Advisory Counsel on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

As discussed above, Tolbert's arguments are largely meritless. Tolbert halfheartedly argues that "the Court should make it clear that the Amended Complaint relates back to the original date of filing." Dkt. 17 at 5. The Court cannot do Tolbert's job for her, especially in light of the fact that the Michigan Supreme Court has explicitly held that "untimely-filed affidavits of merit do not relate back to a timely filed complaint." *Zappley v. Sharfenberg*, 2009 WL 2132727, at *3 (W.D. Mich. July 13, 2009) (citing *Scarsella*, 461 Mich. at 550); *see also Holmes*, 242 Mich.App. at 706 (explaining that dismissal without

prejudice is appropriate when a plaintiff "fails to comply with the affidavit of merit requirement, but the limitation period has not yet expired," but that "[i]f the claim is time-barred . . . the complaint should be dismissed with prejudice."). In addition, "allowing a party to amend a complaint by appending the untimely affidavit of merit would merely act to circumvent the requirement of M.C.L. § 600.2912d(1) that a party file the complaint and the affidavit to commence the action." *Young*, 254 Mich.App. at 451; *see also Bogan v. Detroit Medical Center, Inc.*, 2001 WL 735383, at *1 (Mich. Ct. App. Feb. 20, 2001) (allowing plaintiffs to amend the complaint "after the limitations period had expired would have nullified the limitations period for medical malpractice actions, and would have subverted the explicit requirement that an affidavit of merit accompany the complaint.").[8]

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant Riggs' Motion for Summary Judgment [8] is **DENIED IN PART** and **GRANTED IN PART**. With the exception of her ordinary negligence claim, Tolbert's claims against Riggs are **DISMISSED WITH PREJUDICE**. The Court does not retain jurisdiction over Tolbert's negligence claim.

---

[8] Tolbert also posits that this Court's reasoning in *Bade* indicates that the law requiring an affidavit is unpersuasive. Dkt. 17 at 5. In fact, this Court rejected the argument Tolbert makes here, concluding "that the affidavit requirement is substantive and must be followed by both parties in a FTCA case in Michigan." *Bade*, 2012 WL 1555072, at *10.

**IT IS FURTHER ORDERED** that the United States' Motion to Dismiss [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [17] is **DENIED**.

**SO ORDERED**.

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
Dated: December 21, 2017        Senior United States District Judge